# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

FRANKLIN L. WILLIAMS,

    Plaintiff,

v.

MARTIN H. EVES; RICHARD E.
CURRIE; MELBA H. FIVEASH;
RONNIE H. MCQUAIG; and JIM
B. McGEE, III,

    Defendants.

CIVIL ACTION NO.: CV509-102

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently being housed at the Torrance County Detention Facility in Estancia, New Mexico, has filed an action under 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a pro se litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that Defendants violated his First, Fifth, Sixth, Eighth, and Fourteenth Amendment rights, specifically his right to access to the courts. Plaintiff contends that Defendant Martin Eaves, his attorney during his state criminal proceedings, filed a motion for a permanent injunction in state court. The Honorable Michael Boggs granted Eaves' motion by order dated September 8, 2008. (Pl.'s Ex. 1). Plaintiff asserts that Defendant Melba Fiveash, the Clerk of Court in Ware County, refused to file his pleadings in light of this order. Plaintiff also names as Defendants: Richard Currie, the District Attorney; Ronnie McQuaig, the Sheriff; the Ware County

AO 72A
(Rev. 8/82)

Jury Commissioners; and Jim McGee, his counsel for the appeal of his 1997 state court conviction.

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002)). In order to pass constitutional muster, the access allowed must be more than a mere formality. Bounds v. Smith, 430 U.S. 817, 822 (1977); Chappell, 340 F.3d at 1282. The access must be "adequate, effective, and meaningful." Bounds, 730 U.S. at 822. For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendants' actions hindered his ability to pursue a nonfrivolous claim. Christopher, 536 U.S. at 415; Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003). The pursuit of claims which are protected are those in which a plaintiff is attacking his sentence, directly or collaterally, or challenging the conditions of his confinement. Lewis v. Casey, 518 U.S. 343 (1996). Stated another way, the "only specific types of legal claims [which] are protected by this right [are] the nonfrivolous prosecution of either a direct appeal of a conviction, a habeas petition, or a civil rights suit." Hyland v. Parker, 163 F. App'x 793, 798 (11th Cir. 2006) (citing Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998)).

Plaintiff is no stranger to litigation in this Court, including causes of action attacking his 1997 state court conviction and sentence (Case Number CV507-101, Doc. No. 2) (recounting Williams' attempts to challenge his state court proceedings), and his conviction in federal court (Case Number CV508-34). A review of these cases indicates

3

that, while Plaintiff may attempt to pursue a "protected" type of case (i.e., a collateral attack on his sentence), Plaintiff's attempts to do so are frivolous. There has been no infringement on Plaintiff's access to the courts based on Judge Boggs' order. This cause of action is one of the enormous number of lawsuits Plaintiff has filed against the named Defendants, either singly or in combination, which have amounted to nothing more than a vehicle for Plaintiff to harass these individuals on a habitual basis.[1] Plaintiff's Complaint is frivolous and appears to have been filed for malicious purposes. It should be **dismissed**.

In addition to his Complaint, Plaintiff filed numerous motions in this cause of action. Plaintiff filed a Motion to Add Defendants (Doc. No. 14), seeking to add Sergeant Vickers, Captain Battle, and Warden John Doe of the Irwin County Detention Center as Defendants. Plaintiff contends that, while he was housed at the Irwin County Detention Center, he was not provided access to a law library or legal assistance, his access to the courts was infringed, grievances were ignored, and he was threatened as a result of these grievances.

A plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a). Plaintiff has failed to show a logical relationship between his

---

[1] Williams v. Fiveash, CV501-47; Williams v. Currie, CV501-104; Williams v. Eaves, CV501-115; Williams v. Eaves, CV502-09; Williams v. McGee, CV502-43; Williams v. McQuaig, CV503-18; Williams v. McQuaig, CV504-39; Williams v. Fiveash, CV507-25; Williams v. Currie, CV507-26; and Williams v. Ware Co. Jury Commissioners, CV508-70. The filing of these cases post-date Judge Boggs' order granting Eaves' motion: Williams v. Eaves, 508-71; Williams v. Fiveash, 508-76; Williams v. McQuaig, CV508-78; and Williams v. McQuaig, 508-96. Additionally, the Honorable William T. Moore, Jr., recently warned Plaintiff in Williams v. Currie, CV507-22, about his "pattern of abusive litigation." (CV507-22, Doc. No. 18, p. 2) (listing numerous cases Plaintiff has filed).

4

claims against the named Defendants and his claims against the Irwin County Detention Center individuals, and the Court will not allow the joinder of these unrelated claims. This Motion to Add Defendants is **DENIED**. Plaintiff's Motion for Permanent Injunction against these individuals (Doc. No. 13) should be **DISMISSED** as moot.

Plaintiff's remaining Motions to Amend (Doc. Nos. 15, 17, 22, and 24) are **DENIED** for the same reason. Plaintiff's Motion for Change of Venue (Doc. No. 16) likewise is **DENIED**.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of March, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

5