# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| FRANKLIN L. WILLIAMS, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:09-cv-102 |
| | * | |
| v. | * | |
| | * | |
| ATTORNEY MARTIN H. EAVES; | * | |
| RICHARD E. CURRIE; MELBA H. | * | |
| FIVEASH; RONNIE H. MCQUAIG; and | * | |
| ATTORNEY JIM B. MCGEE, III, | * | |
| | * | |
| Defendants. | * | |

## ORDER

Presently before the Court are Plaintiff's most recent filings, a Motion for Leave to Appeal *in Forma Pauperis* and a Motion for Rule 60(b) Relief. Dkt. Nos. 119, 122. For the reasons which follow, the Court **DENIES** Plaintiff's Rule 60(b) Motion and **DISMISSES as moot** Plaintiff's Motion to Proceed *in Forma Pauperis* on Appeal.

I. **Motion for Rule 60(b) Relief**

Plaintiff filed his Complaint on December 11, 2009. Dkt. No. 1. On March 1, 2010, the United States Magistrate Judge issued a Report and recommended that the Court dismiss Plaintiff's Complaint. In so doing, the Magistrate Judge stated:

> This cause of action is one of the enormous number of
> lawsuits Plaintiff has filed against the named

AO 72A
(Rev. 8/82)

> Defendants, either singly or in combination, which have
> amounted to nothing more than a vehicle for Plaintiff
> to harass these individuals on a habitual basis.
> Plaintiff's Complaint is frivolous and appears to have
> been filed for malicious purposes.

Dkt. No. 30, p. 4 & at n.1 (collecting cases). The Court adopted this recommendation as the opinion of the Court on May 13, 2010, dkt. no. 45, and entered judgment on May 18, 2010, dkt. no. 46.

Since then, Plaintiff has filed numerous frivolous motions, including a motion to amend filed the same date as the Court's judgment, in an attempt to have the Court reconsider its judgment of dismissal. See Dkt. Nos. 47, 49, 52, 53, 55-63, 65-68, 70, 71, 73-75, 77, 79, 85, 98, and 116. The motions presently before the Court are no different.

Although Plaintiff asserts he is entitled to relief pursuant to Rule 60(b), he does not indicate which subsection of this Rule entitles him to relief.[1] Instead, he contends he is entitled to relief pursuant to 28 U.S.C. § 1655. Dkt. no. 122, p. 4. Thus, Plaintiff's requests relief pursuant to Federal

---

[1] In the title and on the first page of his Motion, Plaintiff mentions the three strikes provision found at 28 U.S.C. § 1915(g). Section 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Plaintiff's Complaint was not dismissed under this provision, though he is subject to it.

2

Rule of Civil Procedure 60(d)(2) (noting that nothing in Rule 60 limits "a court's power to" "grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action").

Section 1655 of Title 28 relates to absent defendants and, by its very nature, is inapplicable to Plaintiff. Even if Plaintiff could utilize this statute, he has failed to show that Defendants actually infringed on his constitutional rights or that the purpose of filing this cause of action was anything other than to harass Defendants. Dkt. No. 30, p. 4. Plaintiff's other rehashed arguments fail for the same reasons set forth in the Magistrate Judge's Report and Recommendation and echoed numerous times by this Court and the Eleventh Circuit Court of Appeals. Id.; Dkt. Nos. 45, 48, 75, 83, 86, 94, 97, 117. In short, Plaintiff has once again failed to establish a reason justifying reopening this Court's judgment.[2]

---

[2] A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond Cty., No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)). Plaintiff has not met the standards of Rule 59(e) to show his entitlement to such an extraordinary remedy.

AO 72A
(Rev. 8/82)

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Relief Pursuant to Rule 60(b). This Court's Order dated May 13, 2010, remains the Order of the Court, and this case remains **CLOSED**.

**II. Motion to Proceed *in Forma Pauperis* on Appeal**

Plaintiff has now filed his third Motion to Proceed *in Forma Pauperis* on appeal. As Plaintiff surprisingly has no appeal pending at this time, the Court **DISMISSES as moot** Plaintiff's Motion. See Dkt. Nos. 107, 123. To the extent that Plaintiff seeks to appeal this Order, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Consequently, the Court **DENIES** Plaintiff leave to appeal *in forma pauperis*.

**SO ORDERED**, this 23 day of February, 2017.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4

AO 72A
(Rev. 8/82)